**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| INALFA ROOF SYSTEMS, INC. | Case No. _____ |
|     Plaintiff, | Hon. _____ |
| v. | |
| DARLA HOLMUN and<br>HEIDI FOSTER | |
|     Defendants. | |

BODMAN PLC
Michelle Thurber Czapski (P47267)
Nashara A.L. Peart (P83078)
201 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
mczapski@bodmanlaw.com
npeart@bodmanlaw.com
*Attorneys for Plaintiff*

## COMPLAINT FOR INTERPLEADER

Plaintiff Inalfa Roof Systems, Inc. ("Inalfa"), through its counsel Bodman PLC, states for its Complaint for Interpleader against Defendants Darla Holmun and Heidi Foster as follows:

### PARTIES

1. Inalfa is a corporation organized under the laws of the State of Michigan, with its principal place of business in Auburn Hills, Michigan.

2. Shane Lafond (the "Decedent") was a former employee of Inalfa, and as such, was a participant in the Inalfa Roof Systems, Inc. 401(k) Profit Sharing Plan (the "Plan"), which is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et. seq and intended to be a tax qualified retirement plan under the Internal Revenue Code ("Code"). The Plan is sponsored and administered by Inalfa.

3. Certain administrative services for the Plan are performed by Fidelity Management & Research Company ("Fidelity"). As a participant in the Plan, the Decedent was entitled to name a beneficiary or beneficiaries to receive certain benefits under the Plan in the event of his death (the "Plan Benefits").

4. Upon information and belief, Defendant Heidi Foster ("Ms. Foster") was the significant other of the Decedent and currently resides at 3755 Melanie Court, Oxford, Michigan 48371, which is located in this judicial district.

5. Upon information and belief, Defendant Darla Holmun ("Ms. Holmun") is the mother of the Decedent and currently resides at 1234 Bank St., Webster City, Iowa 50595.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action arises under ERISA and the Code. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b)(3), because at least one Defendant resides in this district, and the Defendant residing in Michigan is subject to the Court's personal jurisdiction.

8. Inalfa must administer Plan claims in accordance with ERISA and the Code and the documents and instruments governing the Plan.

9. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

10. The Plan establishes the right of a Plan participant to name his or her beneficiary. Plan at 41. A true and correct copy of the Plan is attached as **Exhibit A**.

11. On or prior to May 15, 2014, the Decedent named his mother, Ms. Holmun, as the beneficiary of 100% of the Plan Benefits.

12. On information and belief, the Decedent underwent surgery to remove a brain tumor in May 2024. The Decedent's first day on disability status, and his first day absent from work at Inalfa, was May 23, 2024.

13. On information and belief, from May 2024 onward, the Decedent underwent extensive treatment for brain cancer.

14. On information and belief, the Decedent suffered several strokes on or around July 6, 2024 and went into cardiac arrest.

15. On information and belief, while still in a coma, Decedent was transferred from McLaren Pontiac Hospital to Troy Beaumont Hospital on or about July 8, 2024 where, still totally unresponsive, he continued to undergo treatment. The details of Decedent's treatment are documented on a GoFundMe page apparently created by Ocean Foster.[1] Screenshots of the web page are attached hereto as **Exhibit B.**

16. The Decedent passed away on July 12, 2024 after what was, on information and belief, a significant and continuous period of complete unresponsiveness.

---

[1] At the time of this filing, the GoFundMe page is still active and can be accessed at Fundraiser by Ocean Foster : HELP ME FIGHT TO SAVE MY DAD! STROKE AFTER BRAIN CANCER.

17. The day before the Decedent's passing, on July 11, 2024, an online change was made to the Decedent's beneficiary designation, designating Ms. Foster the 100% beneficiary of the Plan Benefits.

18. On information and belief, the Decedent was mentally and physically incapacitated on July 11, 2024, the day the change to the Decedent's beneficiary designation was made, and therefore, he could not have made the change himself.

19. On September 9, 2024, Ms. Foster called Inalfa's HR department indicating that she wanted to commence the process of requesting a distribution of the Plan Benefits.

20. Upon investigation of Ms. Foster's request for a distribution of the Plan Benefits, Inalfa learned that the July 11, 2024 change to the Decedent's beneficiary designation was made via the Decedent's online account. The beneficiary change was immediately preceded by a reset of the Decedent's login credentials, with two-factor authentication codes being sent to the Decedent's cell phone. Inalfa set forth these details in a letter to Ms. Foster in which Inalfa asked Ms. Foster to indicate whether she made the change to the Decedent's beneficiary designation, and to provide proof that she had the legal authority to do so. **Exhibit C.**

21. Ms. Foster failed to respond to Inalfa's request, and in a letter dated October 10, 2024, Inalfa informed Ms. Foster that her claim for the Plan Benefits was being denied. **Exhibit D.**

22.     Though having failed to respond to Inalfa's letter, Ms. Foster admitted to an Inalfa employee that she made the online beneficiary designation change. Inalfa still lacks any information as to whether Ms. Foster had the legal authority to make such a change.

23.     As a result, Inalfa does not know who a court of law would determine to be the rightful beneficiary of the Plan Benefits. It is not clear whether: 1) the original beneficiary designation remains in force, making Ms. Holmun the 100% beneficiary of the Plan Benefits, or 2) whether Ms. Foster had the legal authority to amend the Decedent's beneficiary designation, entitling her to 100% of the Plan Benefits.

24.     As a mere stakeholder, Inalfa has no interest in the Plan Benefits (except to recover its attorney's fees and costs incurred in bringing this action). Inalfa therefore respectfully requests that this Court determine to whom the Plan Benefits should be paid.

25.     Inalfa is ready, willing, and able to pay the Plan Benefits in accordance with the terms of the Plan, in such amounts and to whichever Defendant the Court shall designate.

26. Inalfa will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan and net any attorneys' fees and costs permitted by this Court to be withheld, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Inalfa demands judgment as follows:

i. Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against Inalfa or Fidelity for the recovery of the Plan Benefits by reason of the death of the Decedent;

ii. Requiring that Defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

iii. Permitting Inalfa to pay into the Registry of the Court the Plan Benefits, plus any applicable interest;

iv. Dismissing Inalfa with prejudice from this action and discharging Inalfa, Fidelity, the Plan and any and all Plan fiduciaries from any further liability upon Inalfa's payment of the Plan Benefits, plus any applicable interest, into the Registry of this Court, or as otherwise directed by this Court;

   v.     Awarding Inalfa its costs and attorney's fees; and

   vi.    Awarding Inalfa such other and further relief as this Court deems just equitable and proper.

Respectfully submitted,

BODMAN PLC

By: */s/ Nashara A.L. Peart*
     Michelle Thurber Czapski (P47267)
     Nashara A.L. Peart (P83078)
     201 W. Big Beaver Road, Suite 500
     Troy, Michigan 48084
     (248) 743-6000
     mczapski@bodmanlaw.com
     npeart@bodmanlaw.com
     Attorneys for Plaintiff

Dated:  March 19, 2025.

4922-7773-2393_1