UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INALFA ROOF SYSTEMS, INC.,

        Plaintiff,

v.

DARLA HOLMUN and
HEIDI FOSTER,

        Defendants.
_____/

Case No. 2:25-cv-10774

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT FOSTER (ECF No. 15) AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT FOSTER**

In March 2025, Plaintiff Inalfa Roof Systems, Inc. ("Inalfa") sought interpleader relief under Civil Rule 22 regarding the proceeds of one of its former employee's 401(k) Profit Sharing Plan after Inalfa received two competing claims to the proceeds. ECF No. 1.

Now, Inalfa seeks default judgment as to one of the purported claimants to the proceeds, Defendant Heidi Foster. ECF No. 1. As explained below, Inalfa's motion will be granted, and default judgment will be entered against Foster.

**I. BACKGROUND**

After being diagnosed with brain cancer in May 2024, Shane LaFond—a former employee of Inalfa—"underwent extensive [medical] treatment." *Id*. at

PageID.4. On July 6, 2024, LaFond suffered several strokes and went into cardiac arrest. *Id.* LaFond remained in a coma from July 6 until his death on July 12, 2025. *Id.*

From May 2014 to July 2024, LaFond's mother, Defendant Darla Holmun, was named as the beneficiary of 100% of LaFond's 401(k) Plan Benefits. *Id.* at PageID.3. But on the day before LaFond's death—while he was in a coma and unresponsive—an online beneficiary designation change was made, naming LaFond's partner, Defendant Heidi Foster, as the beneficiary of 100% of LaFond's 401(k) Plan Benefits. *Id.* at PageID.5.

In September 2024, Foster requested a distribution of LaFond's 401(k) Plan Benefits by contacting Inalfa's human resources department. *Id.* at PageID.5. Upon closer examination of the online beneficiary designation change that was made on July 11, 2025—while LaFond was in a coma—Inalfa "asked Ms. Foster to indicate whether she made the change to [LaFond's] beneficiary designation, and to provide proof that she had the legal authority to do so." *Id.*; *see also* ECF No. 1-3. Foster did not respond, so Inalfa denied Foster's request for distribution of LaFond's Plan Benefits. ECF No. 1 at PageID.5.

Inalfa alleges that "Foster admitted to an Inalfa employee that she made the online beneficiary designation change," but that Inalfa did not know if "Foster had the legal authority to make such a change." *Id.* at PageID.6. Thus, Inalfa filed this

- 2 -

interpleader complaint to determine who is the rightful beneficiary of LaFond's 401(k) Plan Benefits so that Inalfa may "pay the Plan Benefits in accordance with the terms of the Plan." *Id.*

After filing its complaint, Inalfa sent a request for waivers of service to Holmun, which Holmun executed and returned in April 2025. ECF No. 5. Holmun also filed an answer[1] on May 27, 2025, asserting that she is the proper beneficiary of LaFond's 401(k) Plan Benefits and that Foster "went on the computer and reset [LaFond's] password and changed the beneficiary to herself while [LaFond] was in a coma." ECF No. 7 at PageID.108.

Inalfa also personally served Foster on May 16, 2025. *See* ECF No. 6. But unlike Holmun, Foster did not file an answer to Inalfa's complaint. A clerk's entry of default was entered against Foster on June 20, 2025. ECF No. 10.

On July 9, 2025, Inalfa filed a motion seeking default judgment against Defendant Heidi Foster. ECF No. 15. To that end, Inalfa seeks an order of default judgment which (1) finds that Foster is not entitled to share in the judgment proceeds of this interpleader action; and (2) discharges Inalfa and the Plan from any further liability to Foster regarding LaFond's 401(k) Plan Benefits. *Id.* at PageID.155. Inalfa

---

[1] Holmun's answer also appears to be asserting a counterclaim against Inalfa and/or a crossclaim against Foster. *See* ECF No. 7 at PageID.108–09. However, it is not clear if Holmun intended to assert such claims or if she only intended to file an answer to Inalfa's complaint and completed the incorrect page of the answer form. Accordingly, these counter/cross-claims will remain pending.

sent a copy of its motion for default judgment to Foster through first-class U.S. mail on July 9, 2025. *Id.* at PageID.156.

## II. LEGAL STANDARD

District courts may enter default judgment against a party who has "failed to plead or otherwise defend" an action and against whom the Clerk of the Court has entered a default. *See* FED. R. CIV. P. 55(a), (b)(2); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) ("When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true.").

In interpleader actions like this one, where the plaintiff is not seeking a judgment that is for "a sum certain," the plaintiff must apply to the court for default judgment. Fed. R. Civ. P. 55(b)(2); *see also Metro. Life Ins. Co. v. Harbison*, No. 2:25-CV-10070-TGB-APP, 2025 WL 1618982, at *1 (E.D. Mich. May 29, 2025).

## III. DISCUSSION

Inalfa's motion for default judgment against Foster is proper and will be granted. In interpleader actions such as this, "the Court need not conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing FED. R. CIV. P. 55(b)(2); *New York Life Ins. Co. v. Scrimger*, 2:19-CV-10146, 2020 WL 6075522, at *2 (E.D. Mich. Oct. 14, 2020)).

Foster was required to respond to Inalfa's interpleader complaint to preserve her right to share in LaFond's 401(k) Plan Benefits, but she has not done so. And Inalfa properly served its complaint on Foster by personal service. ECF No. 6. Yet Foster still has not responded.

Thus, because Foster has not responded to Inalfa's complaint, default judgment will be entered against her. *See Prudential Ins. Co. of Am. v. Amarante*, No. 18-CV-13618, 2019 WL 1397247, at *2 (E.D. Mich. Mar. 28, 2019) (noting that when a named interpleader defendant fails to answer the interpleader complaint" or "assert a claim" to the funds, default judgment is proper). Because default judgment will be entered against Foster for failing to answer, she "'forfeits any claim of entitlement that might have been asserted.'" *Id.* (quoting *Unum Life Ins. Co. of Am. v. Lytle*, No. 18-13234, 2019 WL 668159, at *2 (E.D. Mich. Feb. 19, 2019)). This means that Foster now is "not entitled to a share of the claim." *Metro. Life Ins. Co. v. Skinner*, No. 4:23-CV-12969, 2025 WL 1606197, at *2 (E.D. Mich. Mar. 24, 2025), *report and recommendation adopted*, No. 23-12969, 2025 WL 1606200 (E.D. Mich. Apr. 17, 2025).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Inalfa's Motion for Default Judgment against Defendant Heidi Foster, ECF No. 15, is **GRANTED**.

To that end, judgment is **ENTERED** in favor of Plaintiff Inalfa and against Defendant Heidi Foster. Defendant Heidi Foster is not entitled to any share of the judgment proceeds of the underlying interpleader action.

Further, Plaintiff Inalfa and the ERISA-regulated 401(k) Profit Sharing Plan sponsored by Inalfa is discharged from further liability to Defendant Heidi Foster relating to Shane LaFond's 401(k) Plan Benefits at issue in this interpleader action.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 26, 2025